DOMINICK MALITO et al., Plaintiffs-Appellants, v. JOHN C. MARCIN et al., Defendants-Appellees.

(Nos. 55815, 56105-8 cons.; ▮▮▮▮▮▮)

First District (3rd Division)—July 19, 1973.

*Rehearing denied November 8, 1973.*

Geocaris, Sneider and Troy, of Chicago, (Richard J. Troy and Ronald N. Dubner, of counsel,) for appellants.

Richard L. Curry, Corporation Counsel, of Chicago, (William R. Quinlan and Harvey N. Levin, Assistant Corporation Counsel, of counsel,) for appellees.

Mr. JUSTICE SCHWARTZ delivered the opinion of the court:

Five separate actions were instituted in the Circuit Court of Cook County challenging the constitutionality of four local option elections held pursuant to the provisions of the Illinois Liquor Control Act (Ill.

Rev. Stat. 1969, ch. 43, pars. 166—182), wherein voters in their respective precincts voted to prohibit the sale of alcoholic beverages at retail. On defendants' motions the trial court dismissed the suits, and on plaintiffs' appeal the cases were consolidated. Plaintiffs contend that the local option provisions of the act are unconstitutional as an unlawful delegation of legislative authority. They further contend that the provisions of the act requiring that licensed retail liquor establishments cease the sale of alcohol within 30 days after such election constitute a taking of property without due process of law. We proceed to consider plaintiff's first point that the granting to persons within a precinct the right to vote an area dry is an unconstitutional delegation of legislative power to local citizens.

■■■ It is now well established that while the legislature may not delegate legislative functions to be exercised by another person or group of persons, it may enact laws which will become operative upon the affirmative vote of the people of the district to be affected, provided the law contains an entire and perfect declaration of the legislative will. (*People v. McBride* (1908), 234 Ill. 146, 177. See also, *Tower v. Glos* (1912), 256 Ill. 121; 16 Am.Jur. 2d, Constitutional Law, § 258; and 45 Am.Jur. 2d, Intoxicating Liquors, §§ 79, 81.) Plaintiffs argue that a precinct is merely a geographical unit for voting purposes, that it is not a unit of local government, and that the use of this geographical unit to facilitate community interests is arbitrary and unreasonable. In *Anderson v. Nick* (1949), 402 Ill. 508, 516, the court held that a precinct is a proper area for the determination of a local option issue and that such a classification is not contrary to the constitutional prohibition against special legislation. It is our conclusion that the use of a precinct as the geographical area for the determination of the issue here involved was reasonably appropriate and constitutional. See *People v. Kaelber* (1912), 253 Ill. 552.

■■ Plaintiffs further contend that the statute does not provide standards which the voters in a precinct must follow in making a determination. The plaintiffs have misinterpreted the question which was presented to the voters. The voters were not asked to decide what the law should be within the precinct, but whether a law already enacted by the legislature should become operative within that precinct. The voters possessed no discretion to do anything beyond that.

Plaintiffs cite *Drovers Trust & Savings Bank v. Chicago* (1960), 18 Ill.2d 476, in which case the court invalidated, as an unlawful delegation of legislative power, portions of a municipal ordinance prohibiting the installation of storage tanks containing flammable liquids without the

written consent of a majority of the property owners of the frontage within a specific distance of the property in question and providing for the issuance of a license to a filling station upon the obtaining of similar frontage consents. The court held that the city council could not leave to the frontage owners the ultimate determination of whether the construction and operation of a gasoline station would be detrimental to the safety and general welfare of the public. Since the property in question was zoned commercial and one of the permitted uses was the erection and operation of a gasoline filling station, the court held that the city, when adopting its zoning ordinance, presumably exercised its judgment as to the proper land uses of the area in question. The court stated that the city must have considered the safety and general welfare of the public when zoning the area to permit its use as a gasoline filling station.

■■ In *Clark Oil & Refin. v. Village of Tinley Park,* 110 Ill.App.2d 61, the court explained the holding in *Drovers,* and stated at page 66: "The consent requirement has no relation to the public interest but only to the private interests of nearby property owners." The holding of the court in *Drovers* is not controlling in the case before us. The ultimate determination of whether the sale at retail of alcoholic beverages in an anti-saloon territory should be prohibited was made by the legislature upon enactment of the applicable provisions of the Liquor Control Act. Under that act the voters may determine whether its provisions shall become operative. The qualified voters, in deciding a purely local question, need not consider the establishment of anti-saloon territory within their precinct in relation to the safety and general welfare of the public. The legislature has already determined that the safety and general welfare of the residents within a precinct would be furthered by the prohibition of sale of alcoholic beverages at retail within that precinct.

■■ Relying upon the rationale of *Drovers,* plaintiffs argue that the local option provisions of the Liquor Control Act disrupt the orderly city planning of the City of Chicago by the elimination of a use which was originally contemplated and permitted under the zoning ordinance. This point was first raised on appeal. However, we will consider it. The application of the local option provisions of the Liquor Control Act are not inconsistent with the orderly development of a city. The zoning ordinances of municipalities are guidelines establishing the uses of property and do not purport to regulate the right to engage in a particular trade or business. No disruption in the orderly planning of any municipality occurs when one of the several uses permitted by the ordinance is not put into effect.

■■ The final argument made by plaintiffs concerns the constitutionality of the local option provisions of the Liquor Control Act under the test

of due process. They argue that the license to sell alcoholic beverages at retail is a vested right; that it cannot be taken for public use without the payment of just compensation; and that a fair method for providing just compensation would be to establish a period for amortization of use in excess of the 30 days now allowed under section 168 of Ill. Rev. Stat. 1969, ch. 43. Following the reasoning in *People v. McBride*, 234 Ill. 146, 178—179, we hold that a license to sell alcoholic beverages at retail is not a right but a privilege, and as such it is not subject to the protection of due process under the constitution. The trial court properly dismissed the suits, and the judgment is affirmed.

Judgment affirmed.

DEMPSEY, P. J., and McGLOON, J., concur.