30768. PLEASURE TIME DEVELOPMENT CORPORATION v. STATE OF GEORGIA.

PER CURIAM.

The District Attorney of Clayton Judicial Circuit filed a complaint in which it was sought to condemn a vehicle owned by Pleasure Time Development Corporation. The complaint alleged that the vehicle was being used to convey tax-paid alcoholic liquors in an amount greater than one quart in a dry county. Pleasure Time Development Corporation filed its claim to such vehicle

and attacked the constitutionality of the Act of 1972 (Ga. L. 1972, pp. 207, 212; Code Ann. § 58-1077) upon the ground that such statute denies equal protection of the law. The attack upon the constitutionality of such statute was overruled and after hearing the vehicle was condemned. Thereafter, the present appeal was filed and the sole question for decision is the constitutionality of such statute.

The statute attacked reads as follows: "Any person found in possession or control of more than one quart of spirituous, vinous or alcoholic liquor in any county or municipality of this State (except such counties or municipalities in which liquor may be legally sold or transported under the terms of this Chapter) shall be guilty of a misdemeanor, and upon conviction, punishable as in cases of misdemeanors. The fact that such person may have a license or liquor stamps shall be no defense in such prosecutions, where said liquor is carried into a county or area to which the terms of this Chapter do not apply, and wherein liquor is not legalized under the terms of this Chapter."

The control of alcoholic beverages has been held to be a legitimate area for the exercise of the police power of the state, not only the control of the sale, but also the amount that can be possessed by a person. The statute is not unconstitutional for any reason assigned and the judgment of the trial court condemning the vehicle here involved was not error.

*Judgment affirmed. All the Justices concur, except Nichols, C. J., Gunter and Hill, JJ., who dissent.*

ARGUED FEBRUARY 10, 1976 — DECIDED APRIL 20, 1976.

*Albert B. Wallace,* for appellant.

*Arthur K. Bolton, Attorney General, David A. Runnion, Assistant Attorney General,* amicus curiae.

NICHOLS, Chief Justice, dissenting.

The question presented is whether or not the state may constitutionally permit the sale and purchase of a

commodity in one area of the state and then determine as a matter of law that such product is contraband merely because it is being transported through another area of the state, not because of its inherent qualities but merely because of the quantity involved.

Under this Act a citizen residing in a wet county or city becomes a misdemeanant merely because he purchases in another wet area of the state more than one quart of liquor and en route to his home passes through the corner of a dry area, whether it be a county or municipality.

In *Long v. State,* 202 Ga. 235, 237 (42 SE2d 729) (1947), with reference to a statute that permitted county commissioners of certain counties to set speed limits, declare congested areas, provide parking restrictions, etc., it was said: "To embark upon such a relaxation of our constitutional provision, as applied to our criminal statutes, would permit a crazy-quilt operation of the speed law and other criminal laws throughout the state." While that language had reference to the delegation of authority of the General Assembly, and not the equal protection provision of the Constitution, yet insofar as the consumer is concerned, the same end result is reached under the statute attacked because a crazy quilt pattern of law becomes operative with relation to the possession of tax-paid liquor.

Statutes of this nature have been declared invalid as applied to interstate commerce. Johnson v. Yellow Cab &c. Co., 321 U. S. 383 (64 SC 622, 88 LE 814) (1944); and *Gaines & Co. v. Holmes,* 154 Ga. 344 (114 SE 327) (1922). In 48 CJS 185, Intoxicating Liquors, § 47, it is said: "In the absence of specific constitutional restrictions, it is competent for the legislature of a state to empower its various municipal corporations, or other local sub-divisions, to enact ordinances, each operative within the corporate or local limits for the prohibition or regulation of the traffic in intoxicating liquors, but limitations on the legislative power in this regard may be found in the constitution of the State, as where it forbids the legislature to pass any act regulating the internal affairs of cities or towns, or requires that all laws of a general nature shall be uniform in their operation."

Our Constitution contains such a provision. Art. I, Sec. IV, Par. I (Code Ann. § 2-401), provides: "Laws of a general nature shall have uniform operation throughout the State, and no special law shall be enacted in any case for which provision has been made by an existing general law." Recognizing that the local option on the sale of liquor is valid, it automatically puts into operation the provisions of the statute under attack in those areas of the state where the sale of liquor is prohibited.

As shown above, the statute does not relate to the sale of, or trafficking in, alcoholic beverages but merely to the possession of such beverages in a dry county when all tax has been paid thereon.

While the Act of 1975 (Ga. L. 1975, pp. 607, 608; Code Ann. § 58-1080) limits the amount of liquor that may be sold by a retail licensee at one time to "one standard case of half-gallon, quart, or fifth size containers," there is no limit as to the amount of tax-paid liquor that may be possessed by a person in a wet area. A different provision relates as to the amount that may be sold in pint or half-pint sizes, but even as to these size containers, there is no limitation on the amount that may be possessed in a wet area.

In support of the judgment of the court below, the Attorney General relies upon decisions exemplified by *Barbour v. State,* 146 Ga. 667 (92 SE 70) (1917); *Delaney v. Plunkett,* 146 Ga. 547 (91 SE 561) (1916) for authority that the General Assembly may, in the legitimate exercise of police power, say what quantity of alcoholic beverages may be kept or possessed, even in a private residence for personal use. No contention has been made by the appellant, nor indeed could it be made under such decisions, that the General Assembly does not have the authority under the police power to fix a maximum amount of alcoholic beverages that may be possessed for personal use even in a private residence. However, that is not the question presented in the present case. The statute attacked violates the uniformity provision of the Georgia Constitution and thus violates the equal protection provision of the Constitution of 1945 (Art. I, Sec. I, Par. II; Code Ann. § 2-102), and the Fourteenth Amendment to the United States Constitution. Accordingly, I would

reverse the judgment of the trial court for the above-stated reasons.

I am authorized to state the Justices Gunter and Hill concur in this dissent.