EILEEN RAFFERTY *et al.*, Petitioners-Appellants, *v.* JOHN MARCIN, City Clerk of the City of Chicago, Respondent-Appellee.

First District (5th Division)   No. 62656

Opinion filed December 30, 1976.

Sneider and Troy, of Chicago (Richard J. Troy and Gayle F. Haglund, of counsel), for appellants.

William R. Quinlan, Corporation Counsel, of Chicago (Daniel Pascale and Lucia T. Thomas, Assistant Corporation Counsel, of counsel), for appellee.

Mr. JUSTICE SULLIVAN delivered the opinion of the court:

A local option election was held in the 6th Precinct of the 19th Ward of the City of Chicago, pursuant to the provisions of section 2 of article IX of the Illinois Liquor Control Act (the Act). (Ill. Rev. Stat. 1973, ch. 43, par. 167.) In this election, a majority voted to prohibit the sale of alcoholic liquors at retail. Petitioners, voters residing in the precinct, brought suit contesting the validity of the election results and challenging the constitutionality of the Act. Respondent's motion to dismiss was granted and, on appeal, petitioners contend (1) that a Chicago precinct is an invalid unit for elective determinations because it is drawn in violation of the "one man-one vote" mandate of the United States Supreme Court; and (2) that the designation of the precinct as a decision-making unit in cities of over 200,000 is an arbitrary and capricious classification.

OPINION

■■ The record discloses that during the discovery phase of this proceeding, respondent admitted that the criteria used in establishing precinct boundaries were the "natural, geographic and legislative boundaries and the number of registered voters." The population of the precinct was unknown, and it is clear that boundaries were drawn without regard to the general population of the precinct or of other surrounding precincts. Petitioners argue that such disregard for population violates the principle of "one man-one vote" when precincts are utilized as the unit of election.

*Baker v. Carr* (1962), 369 U.S. 186, 7 L. Ed. 2d 663, 82 S. Ct. 691, and its progeny have held that, as nearly as is practicable, one man's vote is to be worth as much as another's. Since *Baker*, the concept of "one man-one vote" has been applied to cases involving elections of Federal, State and local officials. (*Wesberry v. Sanders* (1964), 376 U.S. 1, 11 L. Ed. 2d 481, 84 S. Ct. 526; *Reynolds v. Sims* (1964), 377 U.S. 533, 12 L. Ed. 2d 506, 84 S. Ct. 1362; *Avery v. Midland County* (1968), 390 U.S. 474, 20 L. Ed. 2d 45, 88 S. Ct. 1114.) In *Hadley v. Junior College District* (1970), 397 U.S. 50, 56, 25 L. Ed. 2d 45, 50-51, 90 S. Ct. 791, 795, the supreme court reviewed the numerous decisions involving the rule and summarized them as follows:

"[A]s a general rule, whenever a state or local government decides to select persons by popular election to perform governmental

functions, the Equal Protection Clause of the Fourteenth Amendment requires that each qualified voter must be given an equal opportunity to participate in that election, and when members of an elected body are chosen from separate districts, each district must be established on a basis that will insure, as far as is practicable, that equal numbers of voters can vote for proportionally equal numbers of officials."

The instant case, however, does not involve an election which selects persons to perform governmental functions; nor does it involve members of an elective body who are chosen from separate districts. In issue here is a decision-making election wherein the voters of a geographically defined area determine whether a law enacted by the legislature should become operative within the district. See *Malito v. Marcin* (1973), 14 Ill. App. 3d 658, 303 N.E.2d 262, *appeal dismissed* (1974), 417 U.S. 963, 41 L. Ed. 2d 1135, 94 S. Ct. 3165, where it was held that while a legislature may not delegate legislative functions to be exercised by another person or group of persons, it may enact laws which will become operative upon the affirmative vote of the people of the district to be affected, provided the law contains a complete declaration of the legislative will.

No contention is made here that the Act does not fully declare the legislative will. Petitioners contend only that a local option election at the precinct level violates the "one man-one vote" requirement. They have failed, however, to cite any authority where the principle has been extended to the situation that we have here; namely, where the voters were not asked to decide what the law should be within the precinct but whether the law already enacted by the legislature should become operative within that precinct. We have been unable to find any such authority, but we note that the Illinois Supreme Court has specifically held that the concept is inapplicable to a decision-making election. (*In re Natural Resources Development Bond Act* (1970), 47 Ill. 2d 81, 264 N.E.2d 129.) There, the court stated "* * * that the equal-protection clause requires that in selecting a representative in government, votes may not be debased and voters may not be 'fenced out' because of 'invidious' distinctions" (47 Ill. 2d 81, 86, 264 N.E.2d 129, 131-32) and, in refusing to enlarge the "one man-one vote" rule, the Illinois Supreme Court said, "* * * the Supreme Court of the United States has never extended the concept of 'one man-one vote' to decision-making elections but rather has specifically applied said concept to the selection of persons by popular election to perform governmental functions." 47 Ill. 2d 81, 87, 264 N.E.2d 129, 132.

■■ In the instant local option election, we are concerned with a decision-making election in which no voter within the precinct was

excluded from participation and all the voters were residents of the precinct, and their decision prohibited the sale of intoxicating liquor only in the precinct. In view of the foregoing, we reject plaintiff's argument that the election was violative of the "one man-one vote" mandate.

■■ Petitioner's second contention is that the designation of the precinct as a decision-making unit in cities with a population in excess of 200,000 is arbitrary and capricious. He argues that no rational basis exists for the classification between cities of less than 200,000 and the precinct vote in Chicago; and, thus, that it is in violation of the equal-protection clause of the fourteenth amendment. We disagree. This same argument has been raised before, and it has been held that the provisions of the Liquor Control Act, establishing the precinct as an area for the determination of local option questions in cities over 200,000 is a proper classification. See *Anderson v. Nick* (1949), 402 Ill. 508, 516, 84 N.E.2d 394, 398, where the court stated:

> "In the case at bar it appears that a majority of the voters in the precinct * * * have voted in favor of said territory being wet. We believe that the provisions of the statute establishing the precinct as an area for determination of local option questions in cities of over 200,000 is a proper classification * * *."

See also *Malito*, where at page 660 it was stated that the use of a precinct as the geographical area for the determination of local option elections, pursuant to the provisions of the Act involved here, was reasonably appropriate and constitutional.

For the reasons stated, the judgment dismissing plaintiff's complaint is affirmed.

Affirmed.

LORENZ, P. J., and DIERINGER, J., concur.