GLORIA A. HALL *et al.*, Plaintiffs-Appellants, *v.* JOHN C. MARCIN, City Clerk of the City of Chicago, *et al.*, Defendants-Appellees.— CALVIN BENNETT *et al.*, Plaintiffs-Appellants, *v.* JOHN C. MARCIN, City Clerk of the City of Chicago, *et al.*, Defendants-Appellees.

First District (1st Division)   Nos. 63160-61 cons.

Opinion filed June 6, 1977.—Rehearing denied July 7, 1977.

Andrew M. Raucci, of Chicago, for appellants.

William R. Quinlan, Corporation Counsel, of Chicago (Daniel Pascale and Lucia T. Thomas, Assistant Corporation Counsel, of counsel), for appellees.

Mr. JUSTICE McGLOON delivered the opinion of the court:

Plaintiffs brought these actions to contest the results of referendum elections prohibiting the sale of alcoholic beverages and to contest the validity of the elections. The circuit court of Cook County granted

defendants' motions to dismiss, and plaintiffs appeal. Plaintiffs raise the following issues for review: (1) whether the statutory system for local option elections violates the home rule provisions of the Illinois Constitution of 1970; (2) whether the statutory system is invalid as an improper delegation of legislative authority; (3) whether the complaints set forth sufficient grounds to contest the results of the elections; and (4) whether the differences in procedures for referendums in communities having populations in excess of 200,000 render the statute invalid.

We affirm.

The necessary facts are as follows. In No. 63160, the validity of the local option election in the 1st precinct of the 9th ward of the City of Chicago was challenged. In No. 63131, the validity of the local option election in the 12th precinct of the 7th ward was challenged. The elections were held on November 5, 1974, pursuant to the Liquor Control Act. (Ill. Rev. Stat. 1973, ch. 43, pars. 166-182.) In each precinct, the majority of the voters voting upon the proposition voted in favor of prohibiting the sale at retail of alcoholic liquor containing more than 4 percent of alcohol by weight, except in the original package and not for consumption on the premises.

■■ On appeal, plaintiffs-appellants first argue that the Liquor Control Act's local referendum provisions violate the home rule provisons of the Illinois Constitution of 1970. (Ill. Const. 1970, art. VII, §6.) Appellants' briefs state:

> "The City Council, in its legislative judgment, has determined that the area involved in this case is an area which the public health, safety, morals and welfare is not impaired by the allowance of the sale of alcoholic beverages. * * * The failure of the General Assembly, subsequent to the adoption of the new Constitution, to declare its intent to limit the power of the City of Chicago to allow the sale of alcoholic beverages requires that the referendum elections be held invalid."

To this, appellees responded by invoking section 9 of the Transition Schedule of the 1970 Constitution which provides that all laws, ordinances, regulations, and rules of court not contrary to, or inconsistent with, the provisions of the Constitution remain in force, until they expire by their own limitation or are altered or repealed pursuant to the Constitution. Appellees argue that the city has not adopted any ordinance in conflict with the local referendum provisions of the Liquor Control Act. We feel that appellants' argument is deficient because it gives the court no indication as to which ordinances of the City Council of Chicago are involved. In such a case, consideration of the issue by this court is inappropriate. *Scoa Industries, Inc. v. Howlett* (1975), 33 Ill. App. 3d 90, 99, 337 N.E.2d 305, 313.

■■ Appellants next argue that the statutory system is invalid as an improper delegation of the legislative power. This issue was decided in *Malito v. Marcin* (1973), 14 Ill. App. 3d 658, 303 N.E.2d 262, *appeal denied* (1974), 55 Ill. 2d 602, *appeal dismissed* (1974), 417 U.S. 963, 41 L. Ed. 2d 1135, 94 S. Ct. 3165, but appellants herein submit that *Malito* was erroneously decided. We decline to deviate from *Malito v. Marcin,* which we believe properly states the law.

The third contention is that the complaints set forth sufficient grounds to contest the election results. Appellees argue that the trial court properly granted appellees' motion to strike and dismiss the complaints, which alleged that each complaint's allegations were vague and indefinite as there is no statement of facts as to how many votes were allegedly affected and, if the ballots were recounted, this would change the results of the election so the proposition would fail. In this regard, and further, this situation is governed by *Cooper v. Marcin* (1976), 44 Ill. App. 3d 918, 358 N.E.2d 1218, *appeal denied* (1977), 66 Ill. 2d ___, which arose under dismissal of a similar complaint.

■■ Finally, appellants argue that article IX, section 2 of the Liquor Control Act is unconstitutional because it provides for local option referendums to be held in precincts in any city, village, or incorporated town of more than 200,000 inhabitants, and that there is no rational basis for the 200,000 figure. (Ill. Rev. Stat. 1973, ch. 43, par. 167.) The contrary result was reached in *Anderson v. Nick* (1949), 402 Ill. 508, which we follow.

For the abovementioned reasons, the orders of the circuit court of Cook County dismissing plaintiffs' complaints are affirmed.

Orders affirmed.

O'CONNOR and BUA, JJ., concur.