NEWELL DUNCAN *et al.*, Plaintiffs-Appellants, *v.* JOHN C. MARCIN, City Clerk of the City of Chicago, *et al.* Defendants-Appellees.

First District (1st Division)   No. 78-1942

Opinion filed March 31, 1980.—Rehearing denied May 5, 1980.

Andrew M. Raucci and Michael P. McClelland, both of Chicago, for appellants.

William R. Quinlan, Corporation Counsel, of Chicago (Robert Retke and Jetta N. Jones, Assistant Corporation Counsel, of counsel), for appellees.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

The plaintiffs instituted an action against the defendants, John C. Marcin, city clerk of the city of Chicago, and the board of election commissioners of the city of Chicago, to contest the validity of a local option election held pursuant to the Liquor Control Act (Ill. Rev. Stat. 1975, ch. 43, pars. 166-182) in which the sale at retail of alcoholic liquor was prohibited by a vote of 271 to 81 in the 46th precinct of the 6th ward. The defendant, John C. Marcin, filed a motion to strike and dismiss the

complaint. The trial court entered an order on November 8, 1977, sustaining the defendant's motion, and the plaintiffs' motion to vacate that order was denied. On appeal, the plaintiffs have raised the following issues: (1) that the statutory system violates the home rule provisions of the Illinois Constitution of 1970; (2) that the statutory system is invalid as an improper delegation of legislative authority; (3) that the differences in procedures for referendums in communities with populations in excess of 200,000 renders the statute invalid; (4) that the complaint sets forth sufficient grounds to contest the results of the election; and (5) that substantive and procedural due process is a necessary prerequisite before the plaintiff's business can be terminated.

We affirm.

The plaintiffs filed a two-count complaint and in the first count alleged that voting irregularities occurred in "that votes were counted in favor of the proposition which should not have been counted" and "votes against the proposition were not counted." The plaintiffs further claimed that ineligible persons voted, that vote totals were inaccurate, that ballots were not folded and cast in compliance with the election procedures, and that a vote recount would show that the proposition had been defeated.

The plaintiffs also alleged that the local option election did not comply with article IX of the Liquor Control Act (Ill. Rev. Stat. 1975, ch. 43, pars. 166-182); that the Liquor Control Act (Ill. Rev. Stat. 1975, ch. 43, pars. 166-182) violated the United States Constitution and the Illinois Constitution of 1970 in that the election procedures differentiated between communities with populations of 200,000 or less and communities with populations in excess of 200,000. The plaintiffs claimed this classification was a denial of due process and equal protection, and did not provide a uniform law to conduct the elections.

The plaintiffs' last argument as to count I was that the referendum conferred legislative authority to the voters in contravention of the legislative authority granted to the city of Chicago pursuant to the Illinois Constitution of 1970.

Count II alleged that one of the plaintiffs, Allie M. Netter, was a licensee of a business which sold alcoholic liquor at retail, and that the prohibition deprived her of privileges and immunities under the United States Constitution, the Illinois Constitution of 1970, and that the provisions for local option elections were unconstitutional as to the plaintiff.

The defendant in the motion to strike and dismiss argued that the constitutionality of local option elections had been upheld by the Illinois courts; that the complaint was vague and indefinite as to voting irregularities and noncompliance with election procedures, and further, that the plaintiffs did not contest the validity of the petitions within the

time specified in the Liquor Control Act. (Ill. Rev. Stat. 1975, ch. 43, par. 169.) The court sustained the defendant's motion to strike and dismiss the complaint and the plaintiffs appealed.

The plaintiffs argue that the statutory system violates the home rule provisions of the Illinois Constitution of 1970 (Ill. Const. 1970, art. VII, §6) in that the provisions for local option elections limit the home rule powers of a municipality to regulate for the public health, safety, morals, and welfare. The plaintiffs argue that the city of Chicago through its zoning ordinance has determined that public safety is not jeopardized in the precinct by the sale at retail of alcoholic liquor; in addition, the plaintiffs claim that the zoning ordinance must take precedence over the Liquor Control Act since it was enacted and amended by the city of Chicago as part of its home rule powers.

The plaintiffs' argument was previously raised in *Hall v. Marcin* (1977), 49 Ill. App. 3d 528, 364 N.E.2d 549, and there the court did not consider the issue appropriate for review since a specific city ordinance was not indicated. However, in *Malito v. Marcin* (1973), 14 Ill. App. 3d 658, 303 N.E.2d 262, where the local option election was held prior to the adoption of the Illinois Constitution of 1970, the court considered a similar question, and the court's discussion in *Malito* is pertinent to the instant appeal. The question presented in *Malito* was whether the local option provisions interfered with city planning by eliminating some of the uses of property that were originally contemplated and permitted in the zoning ordinance. The court stated:

> "The application of the local option provisions of the Liquor Control Act are not inconsistent with the orderly development of a city. The zoning ordinances of municipalities are guidelines establishing the uses of property and do not purport to regulate the right to engage in a particular trade or business. No disruption in the orderly planning of any municipality occurs when one of the several uses permitted by the ordinance is not put into effect." 14 Ill. App. 3d 658, 661.

■■ According to *Malito*, orderly city planning is not disrupted if prohibiting the sale at retail of alcoholic liquors affects one of the several uses of zoned property. In the instant case, an affirmative vote in the local option election determined that alcoholic beverages would be prohibited in the 46th precinct, and this prohibition did not disrupt city planning as it affected one use of the property. Based on *Malito*, any disruption caused by the implementation of the local option provisions of the Liquor Control Act (Ill. Rev. Stat. 1975, ch. 43, pars. 166-182) is not inconsistent with the home rule provisions of the Illinois Constitution of 1970, nor does the disruption violate the home rule powers to enact laws to protect

public safety. Only one use of such property is affected, and the right to engage in such a business as the plaintiffs' is determined by an affirmative vote in the precinct and not according to the zoning ordinance.

■■ The plaintiffs next argue that the statutory system is invalid as an improper delegation of legislative authority. This question was also resolved in *Malito* where the court determined that though the legislature may not delegate legislative functions, it may enact laws which become operative upon an affirmative vote. The legislature by enacting the Liquor Control Act has already determined that the voters may decide the local question of whether certain provisions of the act will be operative in the precinct. (14 Ill. App. 3d 658, 661.) Consequently, the voters' right to determine whether certain provisions of the Liquor Control Act will be operative in the precinct is not an improper delegation of legislative powers and the holding as expressed in *Malito* was reaffirmed in *Hall v. Marcin* (1977), 49 Ill. App. 3d 528, 365 N.E.2d 549.

■■ The plaintiffs also argue that the statute is invalid since different procedures are required for local option elections in communities with populations in excess of 200,000. Section 2 of Article IX of the Liquor Control Act (Ill. Rev. Stat. 1975, ch. 43, par. 167) distinguishes between municipalities with populations of 200,000 or less and municipalities with populations in excess of 200,000, by requiring areas with populations in excess of 200,000 to decide the local option question in the precinct. The plaintiffs argue this classification renders the statute invalid. However, in *Anderson v. Nick* (1949), 402 Ill. 508, 516, 84 N.E.2d 394, the court held that it was proper to classify as a precinct an area in which the population exceeds 200,000 for purposes of determining local option questions.

■■ The plaintiffs next claim that the complaint sets forth sufficient grounds to contest the results of the election. The sufficiency of the plaintiffs' allegations are governed by *Hall v. Marcin* (1977), 49 Ill. App. 3d 528, 530, 364 N.E.2d 549, and *Cooper v. Marcin* (1976), 44 Ill. App. 3d 918, 921, 358 N.E.2d 1218. Based on *Hall* and *Cooper*, the complaint has to allege facts as to how many votes were improperly invalidated or miscounted, how many ineligible persons voted, and facts to show that had the voting irregularities not occurred the results would have been changed. According to *Hall* and *Cooper*, the plaintiffs' allegations of voting irregularities appeared to be conclusions of fact, and therefore, insufficient to contest the election results.

■■ The final argument raised on appeal is that substantive and procedural due process is required before a business license to sell alcoholic liquor can be terminated. However, it has been established in *People v. McBride* (1908), 234 Ill. 146, 178, 84 N.E. 865, that "[l]icenses to sell liquor are not contracts and create no vested rights." Also, *Malito v.*

*Marcin* (1973), 14 Ill. App. 3d 658, 662, 303 N.E.2d 262, held that "a license to sell alcoholic beverages at retail is not a right but a privilege, and as such is not subject to the protection of due process under the constitution."

For the foregoing reasons, the judgment of the circuit court is hereby affirmed.

Affirmed.

GOLDBERG, P. J., and McGLOON, J., concur.