MARVIN SEALS, Plaintiff-Appellant, *v.* THE CITY OF CHICAGO *et al.*, Defendants-Appellees.

First District (2nd Division)    No. 79-2393

Opinion filed February 24, 1981.

Kusper & Raucci, Chartered, of Chicago, for appellant.

William R. Quinlan, Corporation Counsel, of Chicago (Robert R. Retke and Cheryl L. Smalling, Assistant Corporation Counsel, of counsel), for appellees.

Mr. JUSTICE STAMOS delivered the opinion of the court:

Plaintiff Marvin Seals brought this action challenging the constitutionality of the provision of the Illinois Liquor Control Act which authorizes local option elections. (See Ill. Rev. Stat. 1979, ch. 43, pars. 166-182.) Plaintiff's dramshop, located in the 21st precinct of the 6th ward of Chicago, was ordered closed by the Chicago Board of Election Commissioners. This action followed a referendum whereby the registered voters of the 21st precinct exercised their local option and prohibited retail sales of liquor in their precinct.

Plaintiff's complaint sets out four alleged constitutional infirmities. First, plaintiff contends that since the city of Chicago's zoning ordinance permits dramshops in the area in question, the statutory provisions for the local option election violate the home-rule provisions of the 1970 Illinois Constitution. Secondly, plaintiff maintains that the local option provisions constitute a deprivation of substantive and procedural due process. The third contention is that the statutory provisions for local option elections are invalid as an improper delegation of power by the legislative branch of government. The fourth, and final, assertion is that no rational basis exists for procedural variations provided in the statute between cities having populations in excess of 200,000 and cities with populations of less than 200,000. The trial court granted the city's motion to dismiss, enjoined the closing of plaintiff's dramshop pending appeal, and denied plaintiff's motion to vacate the dismissal. This appeal followed.

Every issue presented by this appeal has been decided previously by this court and disposed of contrary to plaintiff's position. The most recent case to decide all four of the issues presented by the instant appeal is *Duncan v. Marcin* (1980), 82 Ill. App. 3d 963, 403 N.E.2d 653, *appeal denied* (1980), 81 Ill. 2d 590. Plaintiff has not cited this case, and has not attempted in any way to distinguish its holding. Plaintiff also has failed to cite in his appellant's brief the case upon which *Duncan* relied in deciding two of the four issues also raised in the instant case. (See *Hall v. Marcin* (1977), 49 Ill. App. 3d 528, 364 N.E.2d 549, *appeal denied* (1977), 66 Ill. 2d 630.) Plaintiff has cited *Hall* in his reply brief:

"Appellees reliance on * * * (*Hall v. Marcin*, 49 Ill. App. 3d 528 (1977) is misplaced * * *."

Plaintiff, however, has articulated no reason why that reliance was misplaced. Plaintiff's failure to cite or even to acknowledge the adverse holding in *Duncan* or to distinguish the contrary disposition in *Hall* could perhaps be construed as innocent or inadvertent but for one crucial fact: plaintiff's attorneys in the instant case represented the plaintiffs in both *Duncan* and *Hall*. A review of the briefs submitted by plaintiff's counsel in each of the three cases reveals them to be substantially similar. Indeed, in the instant case, the brief submitted is nearly identical to that submitted to this court in *Duncan*, varying only in the nomenclature of the parties and the addition of approximately two pages of argument. Moreover, the issues are worded exactly the same. Thus there can be no argument that appellant was unaware that the decision in *Duncan* was dispositive of his claims in the instant case. Furthermore, since counsel has presented no new arguments distinguishing *Duncan* (which on the facts of the two cases would present a herculean task) or criticizing its rationale, there has been no reason, cogent or otherwise, advanced to deviate from that 1980 opinion of this court. Plaintiff cannot contend that the arguments in his brief, without discussion of *Duncan* or *Hall*, adequately counter their dispositive holdings.

On each of plaintiff's four issues, there exists case law authority squarely on point adverse to plaintiff's position. Contrary to plaintiff's first issue, "the statutory system violates the home rule provisions of the Illinois Constitution," are: *Malito v. Marcin* (1973), 14 Ill. App. 3d 658, 661, 303 N.E.2d 262, *appeal denied* (1974), 55 Ill. 2d 602, *appeal dismissed for want of a substantial Federal question* (1974), 417 U.S. 963 (zoning not inconsistent with local option elections; zoning merely sets out extent of uses permitted in specified locations); and *Duncan*, 82 Ill. App. 3d 963, 966-67. Contrary to plaintiff's second issue, "substantive and procedural due process is a necessary prerequisite before plaintiff's business can be terminated," are: *People v. McBride* (1908), 234 Ill. 146, 178-79, 84 N.E. 865; *Malito*, 14 Ill. App. 3d 658, 661-62; and *Duncan*, 82 Ill. App. 3d 963, 967-68. Contrary to plaintiff's third contention, "the statutory system is invalid as an improper delegation of the legislative power," are: *McBride*, 234 Ill. 146, 177; *Malito*, 14 Ill. App. 3d 658, 660; *Hall*, 49 Ill. App. 3d 528, 530; and *Duncan*, 82 Ill. App. 3d 963, 967. Contrary to plaintiff's fourth assertion, "differences in procedures of referendums in communities having a population in excess of 200,000 render the statute invalid," are: *Anderson v. Nick* (1949), 402 Ill. 508, 516, 84 N.E.2d 394; *Hall*, 49 Ill. App. 3d 528, 530; and *Duncan*, 82 Ill. App. 3d 963, 967.

During oral argument, plaintiff's counsel was confronted with his repeated submission of identical contentions to this court. He stated:

> "I can assure the court that if this decision is affirmed that there will be a petition for leave to appeal filed with the Supreme Court

of Illinois because \* \* \* the Illinois Supreme Court has declined to rule on this home rule question that has been raised \* \* \* and until we have a definitive decision—."

Counsel acknowledged that although the vote of the citizens to foreclose liquor sales in their precinct occurred in November 1978, he obtained stays pending each step in the legal process and has kept the dramshop open.

■■ Counsel contended for the first time at oral argument that *Duncan* was not dispositive. He maintained that the Illinois Supreme Court's decision in *Sommer v. Village of Glenview* (1980), 79 Ill. 2d 383, 403 N.E.2d 258, issued only three days prior to the appellate court's decision in *Duncan*, would mandate a reversal of the *Duncan* holding. We note first that the supreme court had an opportunity to consider the *Duncan* decision after *Sommer* was released since that court denied leave to appeal in *Duncan* during the September 1980 term, fully five months after its decision in *Sommer*. Furthermore, *Sommer* is a tax case while *Duncan*, *Hall*, and the instant case all deal with local liquor option elections. In *Sommer*, the home rule unit, through the village board of trustees, had taken action to supersede the challenged tax statute. Thus our supreme court found the statute defective as conflicting with the taxing powers of the home rule unit. (79 Ill. 2d 383, 391.) In the case at bar, plaintiff maintains that the zoning plan of the city of Chicago, which designates the sale of liquor as a permitted use on the site of plaintiff's dramshop, conflicts with the State statute governing local liquor option referenda. The two provisions might be inconsistent if the zoning ordinance *required* the establishment of liquor stores in the 21st precinct. Such is not the nature of a permitted use set out in a zoning ordinance. Instead, it is manifest that a zoning ordinance neither mandates nor encourages the establishment of liquor stores in permitted use areas, but rather suffers their existence in the defined locations. Therefore, a zoning ordinance permitting a wide variety of uses is not inconsistent with a local liquor option procedure which limits the sale of liquor.

● 2 For the foregoing reasons, we affirm the decision of the trial court and direct the trial court to vacate the stay issued pending plaintiff's appeal.

Affirmed and remanded with direction.

HARTMAN, P. J., and DOWNING, J., concur.