**Russell L. SHETTERS, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–3516.**

Court of Appeals of Alaska.

May 15, 1992.

Mary C. Geddes, Asst. Public Defender, and John B. Salemi, Public Defender, Anchorage, for appellant.

Eric Johnson, Asst. Atty. Gen., Office of Special Prosecutions and Appeals, Anchorage, and Charles E. Cole, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., COATS, J., and ANDREWS, Superior Court Judge.*

## OPINION

COATS, Judge.

Russell L. Shetters pleaded no contest to importation of alcohol into Kiana, a community that had, by local option election, voted to prohibit the sale and importation, but not possession, of alcoholic beverages. AS 04.-11.496(b). Because Shetters imported more than twelve liters of distilled spirits, the importation was a class C felony. AS 04.-16.200(e)(2). Superior Court Judge Paul B. Jones sentenced Shetters to a presumptive term of two years of imprisonment. Judge Jones stayed execution of the sentence pending the appeal of the constitutional issues Shetters had preserved in accordance with *Cooksey v. State*, 524 P.2d 1251 (Alaska 1974). Shetters appeals his conviction to this court, raising several issues. We affirm.

Shetters first contends that AS 04.-11.496 violates due process as unconstitutionally vague because it fails to give adequate notice of what conduct is prohibited. Shetters points out that Kiana did not ban possession of alcohol. He argues the word "importation" often connotes importing for purposes of sale. He contends that the only constitutional interpretation of AS 04.-11.496 is that the state bans importation for purposes of sale, not importation for personal possession. He argues that if this court interprets AS 04.11.496 as prohibiting importation for personal possession, the statute is unconstitutionally vague.

However, AS 04.11.496 provides in relevant part as follows:

**Prohibition of sale and importation of alcoholic beverages.** (a) The following question, appearing alone, may be placed before the voters of a municipality

---

* Sitting by assignment made pursuant to article IV, section 16 of the Alaska Constitution.

or an established village in accordance with AS 04.11.502: "Shall the sale and importation of alcoholic beverages be prohibited in ..... (name of municipality or village)? (yes or no)".

(b) If a majority of voters vote "yes" on the question set out in (a) of this section, a person, beginning on the first day of the month following certification of the results of the election, *may not knowingly send, transport, or bring an alcoholic beverage into the municipality or established village, unless the alcoholic beverage is sacramental wine to be used for bona fide religious purposes based on tenets or teachings of a church or religious body, is limited in quantity to the amount necessary for religious purposes, and is dispensed only for religious purposes by a person authorized by the church or religious body to dispense the sacramental wine.*

(Emphasis added.)

The statute seems clear. Alaska Statute 04.11.496(b) does not use the word "importation"; instead, the statute forbids a person to "knowingly send, transport, or bring an alcoholic beverage into the municipality or established village." The fact that the statute provides for only one exception, the importation of a limited amount of sacramental wine, further clarifies that the statute forbids importation of an alcoholic beverage for any other purpose, including personal consumption. Similarly, AS 04.16.-200(e), which sets penalties for such importation, refers to "[a] person who sends, transports, or brings alcoholic beverages into a municipality or established village in violation of AS 04.11.496." We conclude that the statute is not vague and clearly prohibits the importation of alcoholic beverages for personal consumption. *See also Harrison v. State*, 687 P.2d 332, 342 (Alaska App.1984).

■ Shetters next argues that a potential defendant "would be unable to find any published law banning the importation of alcohol into Kiana." He contends that it would be difficult for a person to establish which local communities had banned the importation of alcohol. He contends that although the Alcoholic Beverages Control Board attempts to keep track of which communities have banned the importation of alcohol, this list is not always accurate or up to date. He argues that this lack of notice to a potential defendant constitutes a denial of due process. Shetters does not discuss any authority concerning this defense of "ignorance due to unavailable law." It appears to us that for Shetters to prevail, he would have to prove, in addition to showing information concerning the law was not made reasonably available, that he made reasonable efforts to act lawfully and that he subjectively did not know that his conduct was criminal and believed that there was "no risk of criminality." 2 Paul H. Robinson, *Criminal Law Defenses* § 182 at 381–85 (1984); *see also United States v. Hall*, 742 F.2d 1153, 1155 (9th Cir.1984) (*per curiam*) (although regulation not published in *Federal Register*, defendants had actual and timely notice of prohibited conduct); *Harrison*, 687 P.2d at 346 (although local option election not yet approved by federal government in accordance with Voting Rights Act, defendant did not allege he detrimentally relied on good faith belief of legality of importation and so could not claim he had lacked notice); 1 Wayne R. LaFave & Austin W. Scott, Jr., *Substantive Criminal Law* § 5.1(e)(1) at 589–90 (1986). In this case, Shetters does not contend that he inquired into the legality of bringing alcoholic beverages to Kiana or that he was actually unaware that such importation was illegal. In fact, at an evidentiary hearing before Judge Jones, Alaska State Trooper Kim Nay testified that he had encountered Shetters on July 6, 1988, and informed him that taking alcoholic beverages to Kiana was illegal, and that Shetters responded that he knew Kiana was "dry" and that he would not take alcoholic beverages there.[1] We conclude the court did not err in denying this claim.

---

1. Trooper Carl Schramm testified that at the time he arrested Shetters, Shetters stated that he thought having alcohol in Kiana was legal as long as it was for personal consumption. Shetters apparently never testified to any lack of knowledge.

Shetters next argues that local option elections do not conform to the constitutional requirements that state laws must be passed by majority vote of each house of the legislature, must be subject to veto by the governor, must be limited to the constitutional provisions and restrictions regarding initiative elections, and must be enacted according to due process. Alaska Const. art. I, § 7; art. II, §§ 14, 15; art. XI, §§ 1–4, 6, 7. Shetters also argues that these local elections are an unconstitutional delegation of legislative power.

These arguments can be addressed together because they rely on the same misconception of the nature of local option elections. It is the state legislature that has enacted the local option laws; the local voters have no authority to pass state laws, but merely elect whether the state laws will take effect within their communities. Shetters does not argue that AS 04.11.496 or any other statute of the local option law was not constitutionally enacted by the legislature and subject to veto by the governor. The voters of Kiana could vote to adopt this option without submitting their election results to the state government for enactment. It is not an unconstitutional delegation of legislative power to grant local communities the choice of whether to adopt the state law. *See Duncan v. Marcin*, 82 Ill.App.3d 963, 38 Ill.Dec. 422, 424, 403 N.E.2d 653, 655 (1980); *Malito v. Marcin*, 14 Ill.App.3d 658, 303 N.E.2d 262, 264–65 (1973); *see also People v. Superior Court (Skoblov)*, 195 Cal.App.3d 1209, 241 Cal.Rptr. 322, 328–29 (1987) (local option to establish pretrial diversion procedure for misdemeanor defendants); *Two Guys from Harrison, Inc. v. Furman*, 32 N.J. 199, 160 A.2d 265, 281–82 (1960) (local option "Sunday Closing" law).

The fact that the local community is not itself enacting a state law when it holds a local option election disposes of Shetters' other arguments that local options are unconstitutionally enacted. It does not violate due process for local voters to elect to adopt a state law regulating alcoholic beverages without the opportunity to specifically vote on all the provisions of the state law. Nor does the possibility that a community might frequently change its local option establish an unlimited delegation of legislative power.[2] Finally, because the community voters were not empowered to and in fact did not enact a state law, the elections were not subject to the constitutional provisions on initiative measures.

Next, Shetters argues that the local option law is unconstitutional as a "local or special act." Alaska Const. art. II, § 19. Shetters argues that the local option laws are local and special acts by their very nature, and are therefore unconstitutional "if a general act can be made applicable." *Id.* Shetters argues that a state law which specifically prohibited importation of alcoholic beverages into Kiana would be an unconstitutional special act, and therefore achieving the same result through the local option law is also unconstitutional.

In *State v. Lewis*, 559 P.2d 630 (Alaska), *appeal dismissed*, 432 U.S. 901, 97 S.Ct. 2943, 53 L.Ed.2d 1073 (1977), the Alaska Supreme Court stated:

> The test to be employed in determining whether legislation contravenes Art. II, Sec. 19 is substantially the same as that applicable to nonsuspect classifications challenged as violative of equal protection. Examining both the legislative goals and the means used to advance them, we must determine whether the legislation bears a "fair and substantial relationship" to legitimate purposes. If this standard is satisfied, the bill will not be invalid because of incidental local or private advantages. Legislation need not operate evenly in all parts of the state to avoid being classified as local or special.

559 P.2d at 643 (footnotes omitted). In *Lewis*, the court held that a legislative act relinquishing specific land to the United States was not an unconstitutional local or special act, but "a general legislative treat-

---

**2.** In 1988 the legislature enacted AS 04.11.-502(d), which requires that elections to remove (but not to impose) local restrictions on alcohol be held no more frequently than every twelve months.

ment of complex problems of pressing importance and of statewide concern." *Id.* at 644.

■ This court has already evaluated the equal protection implications of the local option law and found that it is a general legislative treatment of complex problems of pressing importance and of statewide concern. The state interest in controlling alcohol-related problems is rationally linked to punishing those who import alcoholic beverages into those communities that have affirmatively voted to prohibit importation, even if those communities do not include all communities in the state with similar alcohol-related problems. *See Burnor v. State,* 829 P.2d 837, 840–841 (Alaska App.1992); *Harrison,* 687 P.2d at 340–41. Therefore, the local option laws are properly considered general legislation rather than special or local acts. *See also Two Guys from Harrison, Inc.,* 160 A.2d at 282 (local option "Sunday Closing" law not unconstitutional special act).

Finally, Shetters argues that the local option laws violate the equal protection clause. Alaska Const. art. I, § 1. Shetters argues that it is irrational and discriminatory to create a "crazy quilt pattern" of jurisdictions in which different state laws regulating alcoholic beverages are operative. *See Pleasure Time Development Corp. v. State,* 236 Ga. 671, 225 S.E.2d 57, 58 (1976) (Nichols, C.J., dissenting). However, again, under *Harrison* and *Burnor,* we have concluded that the legislature may constitutionally treat local option communities differently from other communities because the difference in treatment results from an election that all communities are equally free to make. We again find no equal protection violation.

The conviction is AFFIRMED.

MANNHEIMER, J., not participating.