**Phillip BRIGGS, Superintendent of Cook Inlet Pretrial Facility, Appellant,**

v.

**Timothy J. DONNELLY, Appellee.**

**No. A–3714.**

Court of Appeals of Alaska.

April 3, 1992.

John K. Bodick, Asst. Atty. Gen., Office of Sp. Prosecutions and Appeals, Anchorage, and Charles E. Cole, Atty. Gen., Juneau, for appellant.

Michael Jungreis, Anchorage, for appellee.

Before BRYNER, C.J., COATS, J., and ANDREWS, Superior Court Judge.[*]

OPINION

COATS, Judge.

This appeal concerns the interpretation of AS 33.20.010 and AS 33.20.050, which are statutes that regulate the award of and forfeiture of "good time" for prisoners. Superior Court Judge Rene J. Gonzalez concluded that, under these statutes, the Department of Corrections (DOC) could not forfeit any good time for misbehavior that occurred before July 23, 1990, when Timothy J. Donnelly was resentenced on two counts of sexual assault in the first degree, AS 11.41.410(a). The state appeals, arguing that AS 33.20.010 and AS 33.20.050 allow the DOC to forfeit good time for incidents of misconduct that Donnelly engaged in before his resentencing. We agree with the state and conclude that the DOC has the authority to forfeit good time for a prisoner's misbehavior engaged in before resentencing on the same offense.

Donnelly was convicted of two counts of first-degree sexual assault. On May 2, 1984, the trial court sentenced Donnelly to an eight-year-and-four-month term of im-

---

* Sitting by assignment made pursuant to article IV, section 16 of the Alaska Constitution.

prisonment and a concurrent eight-year term.[1]

Donnelly committed several prison disciplinary infractions during his incarceration on this original sentence. The DOC, in accordance with regulations, forfeited 876 days of his good time. However, Donnelly had appealed his original conviction to this court. We reversed his conviction on March 8, 1989. *See Donnelly v. State,* Memorandum Opinion and Judgment No. 1760 (Alaska App., March 8, 1989). On April 24, 1990, Donnelly was again convicted after a retrial. On July 23, 1990, Superior Court Judge Mark C. Rowland resentenced Donnelly to concurrent eight-year presumptive terms.

In computing Donnelly's good time, the DOC subtracted, from the present sentence's award of good time, the 876 days the DOC had previously forfeited for the incidents that had occurred during the time Donnelly was imprisoned under the authority of the conviction this court had reversed. Thereafter, Donnelly brought a writ of *habeas corpus* challenging the DOC's authority to forfeit good time based upon Donnelly's conduct that occurred before the court resentenced Donnelly.

Judge Gonzalez analyzed AS 12.55.025(c) and AS 33.20.010, .050, .051, and .071(a) and agreed with Donnelly. Judge Gonzalez ordered the DOC to recompute the award of good time without deducting "any time asserted to have been forfeited by Donnelly prior to July 23, 1990," and to release Donnelly "if the defendant has served his sentence of eight years with credit for the amount of good time which he is entitled to under AS 33.20.010."

The parties treat this case as one that turns on the interpretation of AS 33.20.-010(a) and AS 33.20.050. Alaska Statute 33.20.010(a) provides:

Except as provided in (b) of this section and notwithstanding AS 12.55.125(f)(3) and 12.55.125(g)(3), a prisoner convicted of an offense against the state or a political subdivision of the state and sentenced to a term of imprisonment that exceeds three days is entitled to a deduction of one-third of the term of imprisonment rounded off to the nearest day if the prisoner follows the rules of the correctional facility in which the prisoner is confined.

Alaska Statute 33.20.050 provides:

If during the term of imprisonment a prisoner commits an offense or violates the rules of the correctional facility, all or part of the prisoner's good time may be forfeited under regulations adopted by the commissioner of corrections. The amount of good time forfeited shall be related to the severity of the offense or rule violation.

Donnelly essentially argues that under AS 33.20.010(a) on the date of resentencing he was "entitled to a deduction of one-third of the term of imprisonment." He reads the language "if the prisoner follows the rules of the correctional facility in which the prisoner is confined" to mean that good time could only be forfeited for violations of the rules of the correctional facility occurring after he was resentenced. In effect, Donnelly avers that good time forfeited under the original sentence is nullified by this court's reversal of the original sentence and that his resentencing operates to start him with a clean institutional slate. In advancing his argument, Donnelly cites the rule of statutory construction "that a penal statute must be construed strictly and that ambiguities must be resolved against the state." *Romero v. State,* 792 P.2d 679, 682 (Alaska App.1990); *see also Tuckfield v. State,* 805 P.2d 982, 985 (Alaska App.1991); Norman J. Singer, *Sutherland Statutory Construction* §§ 59.03, 59.04, 59.06 (4th ed. 1986 rev.). However, as we have previously stated,

This general rule, however, is not an absolute. Strict construction does not require that statutes be given the narrowest meaning allowed by the language; rather, the language should be given "a reasonable or common sense construction, consonant with the objectives of the legislature." The intent of the legislature must govern and the poli-

---

**1.** Donnelly had been incarcerated for several months before his sentencing.

cies and purposes of the statute should not be defeated.

*Belarde v. Anchorage,* 634 P.2d 567, 568 (Alaska App.1981) (quoting C. Dallas Sands, *Sutherland Statutory Construction* § 59.06, at 18–19 (4th ed. 1974)).

Under AS 33.20.010(a), Donnelly was entitled to receive good time based upon his entire "term of imprisonment." We interpret "term of imprisonment" to include all the time Donnelly served under his original convictions for the same criminal offense. It follows that, under AS 33.20.050, if during the time of imprisonment Donnelly committed an offense or violated the rules of the correctional facility, all or part of his good time could be forfeited under the regulations of the DOC. This seems to us to be the plain meaning of the statute. The language "if the prisoner follows the rules of the correctional facility" in AS 33.20.-010(a) appears to merely tell prisoners that they are entitled to receive one-third of their terms of imprisonment for good time if they follow the rules of the correctional facility. If the prisoner does not follow the rules of the correctional facility during the "term of imprisonment," the good time is subject to forfeiture under AS 33.20.050.

This interpretation is consistent with the obvious legislative purpose of the statutes that award prisoners credit for good time. These statutes are designed to reward prisoners for good behavior during their terms of imprisonment. Conversely, the statutes give the DOC a means of enforcing discipline within correctional facilities. It seems contrary to this legislative purpose to have prisoners confined by the DOC who are not subject to the statutes. Donnelly's case is a good illustration of the potential problems that might arise from his interpretation of the statute. Donnelly served a substantial period of time in prison under his original conviction. During this period of time he committed numerous institutional infractions. He is now arguing that, during this substantial period of imprisonment, the DOC had no authority to forfeit good time under the good-time statutes, yet he was entitled to receive good time under the same statutes. Donnelly's interpretation would lessen the control the DOC would have over sentenced prisoners. Those prisoners whose convictions were reversed or who were resentenced for any reason would reap the windfall of having the DOC retroactively lose the ability to use the good-time statutes to reward and punish prisoners in the manner the legislature obviously intended.

We accordingly conclude that under AS 33.20.010(a) Donnelly was entitled to receive good time based upon his entire term of imprisonment. However, under AS 33.-20.050, during his entire term of imprisonment, which includes the time served under the first sentence, Donnelly was subject to having the DOC forfeit that good time. We therefore conclude that Judge Gonzalez erred in finding that the DOC had no authority to forfeit Donnelly's good time before Donnelly's resentencing on July 23, 1990.

The judgment is REVERSED.