David E. BURNOR, Appellant,

v.

STATE of Alaska, Appellee.

Charles EVAK, Appellant,

v.

STATE of Alaska, Appellee.

Reed HENRY, Jr., Appellant,

v.

STATE of Alaska, Appellee.

Gilbert M. SCHAEFFER, Appellant,

v.

STATE of Alaska, Appellee.

Enos W. OUTWATER, Jr., Appellant,

v.

STATE of Alaska, Appellee.

Carrie M. SPENCER, Appellant,

v.

STATE of Alaska, Appellee.

Robert J. ALLEN, Appellant,

v.

STATE of Alaska, Appellee.

Ronald L. OAKLEY, Appellant,

v.

STATE of Alaska, Appellee.

William J. HENSLEY, Appellant,

v.

STATE of Alaska, Appellee.

Alfred B. SHELDON, Appellant,

v.

STATE of Alaska, Appellee.

John R. EVANS, Jr., Appellant,

v.

STATE of Alaska, Appellee.

Moshe ELAZAR, Appellant,

v.

STATE of Alaska, Appellee.

Edgar G. KENWORTHY, Appellant,

v.

STATE of Alaska, Appellee.

Daniel M. MELTON, Appellant,

v.

STATE of Alaska, Appellee.

Jeffrey B. OUTWATER, Appellant,

v.

STATE of Alaska, Appellee.

Nos. A–3472, A–3473, A–3475, A–3478, A–3480, A–3481, A–3512 to A–3515, A–3518, A–3519, A–3566, A–3643 and A–3648.

Court of Appeals of Alaska.

April 3, 1992.

Vern Halter, Asst. Public Defender, Kotzebue, and John B. Salemi, Public Defender, Anchorage, for appellants Sheldon, Melton, and Jeffrey B. Outwater.

Robert D. Lewis, Law Office of Robert D. Lewis, Anchorage, for appellants Henry, Enos W. Outwater, Jr., Spencer, Allen, Oakley, Elazar, and Kenworthy.

H. Connor Thomas, Larson Timbers & VanWinkle, Inc., Nome, for appellants Burnor, Evak, Schaeffer, and Hensley.

Scott Jay Sidell, Law Office of Scott Sidell, and Larry S. Cohn, Law Office of Larry S. Cohn, Anchorage, for appellant Evans.

Eric A. Johnson, Asst. Atty. Gen., Office of Sp. Prosecutions and Appeals, Anchorage, Charles E. Cole, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., COATS, J., and ANDREWS, Superior Court Judge.*

## OPINION

COATS, Judge.

Appellants (hereinafter designated as "Burnor") were convicted of selling alcohol without a license or permit in Kotzebue, Alaska in violation of AS 04.11.010(a).[1] Alaska Statute 04.16.200 sets forth the penalties for violation of AS 04.11.010(a). Alaska Statute 04.16.200 provides in pertinent part:

(a) Except as provided under (b) of this section, a person who violates AS 04.11.010 is, upon conviction, guilty of a class A misdemeanor.

(b) A person who violates AS 04.11.010 in an area where the results of a local option election have, under AS 04.11.490—04.11.500, prohibited the [Alcoholic Beverage Control] board from issuing,

---

* Sitting by assignment made pursuant to article IV, section 16 of the Alaska Constitution.

1. Alaska Statute 04.11.010(a) provides:
   Except as provided in AS 04.11.020 [not applicable here], a person may not manufacture, sell, offer for sale, possess for sale or barter, traffic in, or barter an alcoholic beverage unless under license or permit issued under this title.

renewing, or transferring one or more types of licenses or permits under this title in the area is, upon conviction, guilty of a class C felony.

. . . .

(d) Upon conviction of a person of a violation under (a) of this section, the court shall impose a minimum sentence of imprisonment of not less than 10 consecutive days. The execution of the sentence may not be suspended and probation or parole may not be granted until the minimum imprisonment provided in this subsection has been served. Imposition of sentence may not be suspended except upon the condition that the defendant be imprisoned for no less than the minimum period provided in this subsection.

On October 6, 1987, the city of Kotzebue voted to ban the sale of alcoholic beverages. The amended AS 04.16.200(b), which provided that the sale of alcohol in a local option community was a class C felony, became effective on August 3, 1988. Ch. 27, SLA 1988. On December 6, 1988, Kotzebue again voted to prohibit the sale of alcohol in a local option election. Therefore, under AS 04.16.200(b), Burnor and the other appellants in these cases were subject to punishment for class C felonies.

■ Burnor first contends that the two differing penalty provisions of AS 04.16.-200 violate equal protection and due process.[2] Burnor points out that if Kotzebue had not held a local option election at all, the unlicensed sale of alcoholic beverages would be punishable as a misdemeanor under AS 04.16.200(a). However, the Alcoholic Beverage Control Board (hereinafter "ABC Board") would be required to deny new licenses and permits in Kotzebue in either instance. The ABC Board could issue new licenses and permits only if Kotzebue held a local option election and voted not to prohibit the sale of alcoholic beverages. AS 04.11.320(a)(11), (12), (b)(4).[3] Therefore, Burnor argues, AS 04.16.200 is underinclusive: the sale of alcoholic beverages without a license is a felony in some, but not all, communities where the ABC Board is required to deny new permits and licenses.

[2, 3] Alaska's equal protection and due process clauses confer broader protection than do their federal counterparts. *Maeckle v. State*, 792 P.2d 686, 688 (Alaska App. 1990). Alaska has a "sliding scale" approach to equal protection: the more significant the individual right infringed, the more strictly this court will scrutinize the legitimacy and importance of the state's purpose and the link between that purpose and the statutory means to effectuate it. *Id.* Because Burnor does not challenge the propriety of AS 04.11.010 or the local option statutes, but only challenges the pro-

---

**2.** Burnor's first due process argument is similar to his equal protection argument. Due process requires that enactments be reasonable and not arbitrary. *State v. Enserch Alaska Const., Inc.,* 787 P.2d 624, 632 n. 12 (Alaska 1989). Burnor also makes separate due process arguments on cruel and unusual punishment and notice grounds, which we will discuss later in this opinion.

**3.** AS 04.11.320 provides in pertinent part:
  (a) An application requesting issuance of a new license shall be denied if
  . . . .
  (11) the license is sought for the sale of alcoholic beverages in a first or second class city in which there are no licensed premises at the time of application unless a majority of the voters in a local option election conducted in accordance with AS 04.11.502 have voted "no" on the question set out in AS 04.11.490, or have voted "yes" on a question set out in AS 04.11.492 or 04.11.500; [or]

(12) the license is sought for the sale of alcoholic beverages in an established village in which there are no licensed premises at the time of application unless a majority of the voters in a local option election conducted in accordance with AS 04.11.502 have voted "no" on the question set out in AS 04.11.490 or have voted "yes" on the question set out in AS 04.11.500.
  (b) An application requesting issuance of a new permit shall be denied if
  . . . .
  (4) the permit is sought for the sale of alcoholic beverages in a first or second class city or established village in which there are no licensed premises at the time of application unless a majority of the voters in a local option election conducted in accordance with AS 04.11.502 have voted "no" on the question set out in AS 04.11.490.

priety of the specific penalties imposed for violating them, the individual interest affected by AS 04.16.200 is the relatively narrow interest of a convicted offender in minimizing the punishment for an offense. *Id.* at 689. In contrast, the state has a "compelling interest in curbing the problem of alcohol abuse." *Harrison v. State,* 687 P.2d 332, 340 (Alaska App.1984).

In *Harrison,* we discussed the numerous problems facing this state as a result of alcohol abuse. We pointed out that "in response to the growing evidence of a strong relationship between alcohol abuse and crime, Alaska's local option law was enacted in 1980." *Id.* at 335. The statutes that Burnor questions in this case are part of the fabric of the local option law. *See Tuckfield v. State,* 805 P.2d 982, 983–84 (Alaska App.1991). In discussing Harrison's contention that the local option law violated equal protection because it permitted one community to ban the importation of alcoholic beverages and simultaneously permitted other communities to allow importation of alcoholic beverages, we stated:

> The question is whether differences in treatment are reasonable in light of the balance between the importance of the legislative intent, on the one hand, and the interest of the individual on the other.... We see no basis for concluding that differences in the treatment of citizens from different communities under the local option law should be considered constitutionally significant when those differences result only from the extent to which individual communities elect to implement that law. When the state attacks a complex problem it need not choose between attacking every aspect of that problem and doing nothing at all.

*Harrison,* 687 P.2d at 341 (citation omitted).

We similarly conclude that the legislature could rationally distinguish between a community where the voters had prohibited the sale of alcoholic beverages by a local option election and other communities that had not prohibited the issuance of licenses by such an election. The legislature could rationally decide to punish more severely the unauthorized sale of alcoholic beverages in communities that had affirmatively expressed their desire to prohibit the sale of alcohol through a local option election.

In a related argument, Burnor argues that AS 04.16.200 discriminates on the basis of residence since most locations where offenders are subject to felony punishment are rural communities. Essentially, this argument challenges the local option law itself for discriminating against rural communities, a challenge this court has previously rejected. *See Harrison,* 687 P.2d at 341; *cf. State v. Hebert,* 803 P.2d 863, 865 (Alaska 1990).

Burnor next contends that AS 04.-16.200(b) constitutes a cruel and unusual punishment. Alaska applies a single test to determine whether a statutory penalty constitutes cruel or unusual punishment or violates substantive due process: a punishment so disproportionate to the offense committed as to be completely arbitrary and shocking to the sense of justice is unconstitutional. *Dancer v. State,* 715 P.2d 1174, 1180–81 (Alaska App.1986). Burnor argues that it is cruel and unusual to punish the unlicensed sale of alcoholic beverages as a class C felony.[4]

Burnor argues that other states impose lesser penalties for the sale of alcoholic beverages in a local option community than does Alaska. Superior Judge Charles R. Tunley found this comparison was not controlling. He pointed out that the other states which Burnor attempted to compare with Alaska did not have alcohol related

---

**4.** Burnor and the other appellants do not appeal any of their actual sentences or argue that any particular sentence received was cruel and unusual. The sentences in this case range from fifteen days of imprisonment as a condition of an eighteen-month suspended imposition of sentence to one year of imprisonment. This range is comparable to the range of sentences prescribed for misdemeanor unlicensed sale of alcohol, for which the minimum term of imprisonment is ten days, AS 04.16.200(d), and the maximum term is one year, AS 12.55.135(a). However, as Burnor points out, felony status entails various restrictions to liberty not included in a misdemeanor sentence.

problems similar to rural Alaska where the great distances, inclement weather, and lack of police services increase the dangers of alcohol abuse. *Cf. Harrison,* 687 P.2d at 335 (reviewing the literature on Alaska's unique and pervasive alcohol problems).

As this court noted in *Harrison,* the supreme court has recognized that alcohol has "far more dangerous" effects than marijuana and that "cocaine is probably less dangerous than alcohol." 687 P.2d at 338–39 (citing *Ravin v. State,* 537 P.2d 494, 509–10 (Alaska 1975), and *State v. Erickson,* 574 P.2d 1, 22 (Alaska 1978)). However, the sale of any amount of cocaine is a class B felony, and the sale of one ounce of marijuana is a class C felony. AS 11.71.-030; AS 11.71.040. Punishment for the unlicensed sale of alcohol in a local option community as a class C felony is not constitutionally disproportionate.

■ Burnor next contends that AS 04.-16.200(b) violates due process because it fails to give adequate notice of the conduct it proscribes and the penalty for a violation. First, Burnor argues that neither AS 04.-11.010 nor AS 04.16.200 gives notice of a specific crime of sale of alcoholic beverages in a local option community; AS 04.11.010 merely prohibits the unlicensed sale of alcoholic beverages, and AS 04.16.200 merely establishes penalties for the violation of another statute. However, in *Linne v. State,* 674 P.2d 1345, 1350 (Alaska App. 1983), this court held that a penal statute, when read in conjunction with a separate definitional statute, afforded adequate notice of the conduct forbidden and satisfied the requirements of constitutional due process. *See also Tuckfield,* 805 P.2d at 986. (AS 04.16.200(b) gives sufficient notice of the conduct prohibited and the penalty for that conduct); *Morgan v. State,* 661 P.2d 1102, 1103 (Alaska App.1983) (former AS 04.16.200(b), providing that violation of AS 04.11.010 in local option area was class C felony if additional element met, defined a separate substantive offense). When read in conjunction with AS 04.11.010, AS 04.16.200(b) defines an offense, affords adequate notice of the proscribed conduct and the prescribed penalty, and satisfies due process requirements.

■ Second, Burnor argues that AS 04.-11.490, the local option provision establishing the procedure for conducting a local option election, does not give any notice of an offense or felony penalty.[5] Although AS 04.11.010 and 04.16.200 do give such notice, Burnor argues that those statutes "pervert[ ] the intent" of the "statutory scheme" of the local option laws, because AS 04.11.490 does not specifically give notice of the class C felony offense, and therefore the community that votes to opt under AS 04.11.490 might inadvertently impose the penalty on its citizens without adequate notice. This court rejected a similar argument in *Tuckfield,* 805 P.2d at 986, in which we held that the class C felony offense of AS 04.16.200(b) applied in Barrow even though that community had held its local option election before the felony statute was enacted,[6] and so had no notice at all that its citizens would later be sub-

---

5. AS 04.11.490 provides in part:
 (a) The following question, appearing alone, may be placed before the voters of a municipality or an established village in accordance with AS 04.11.502: "Shall the sale of alcoholic beverages in . . . . . (name of municipality or village) be prohibited? (yes or no)".
 (b) If a majority of the voters vote "yes" on the question set out in (a) of this section, the board shall be *notified immediately after* certification of the results of the election and thereafter the board may not issue, renew, or transfer between holders or locations a license for licensed premises located within the boundaries of a municipality and in unincorporated areas within five miles of the boundaries of the municipality or within the perimeter of an established village. Licenses

that may not be renewed because of a local option election held under this section are void 90 days after the results of the election are certified. A license that will expire during the 90 days after the results of a local option election under this section are certified may be extended, until it is void under this subsection, by payment of a prorated portion of the annual license fee.

6. Indeed, Barrow had held its local option election in 1977 under former AS 04.10.430(a), which predated not only the felony offense created in the 1988 revision of AS 04.16.200(b), but also the entire current local option statutory scheme enacted in 1980. *See Tuckfield,* 805 P.2d at 983–84.

jected to the felony penalty. In enacting the current form of AS 04.16.200(b), the legislature was presumably aware of the previously existing statutory scheme and of the communities that had held local option elections. The legislature chose "to have felony penalties apply to defendants who sold alcohol in communities where the sale had been banned by local option election." *Tuckfield,* 805 P.2d at 986. The fact that AS 04.11.490 does not itself create or give notice of the felony offense and penalty does not violate constitutional due process.

The convictions are AFFIRMED.

MANNHEIMER, J., not participating.