**Gilbert Henry VALENCIA, Appellant,**

v.

**STATE of Alaska, Appellee.**

No. A–8527.

Court of Appeals of Alaska.

May 28, 2004.

James Ottinger, Assistant Public Defender, Kenai, and Barbara K. Brink, Public Defender, Anchorage, for the Appellant.

Dean J. Guaneli, Chief Assistant Attorney General, and Gregg D. Renkes, Attorney General, Juneau, for the Appellee.

Before: COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

*OPINION*

STEWART, Judge.

In December 2002, the superior court revoked Gilbert Henry Valencia's probation in case number 3KN–93–172 CR and sentenced Valencia to jail. The superior court acknowledged that, under our decision in *Nygren v. State*,[1] Valencia should receive credit against his sentence for the 437 days that he had previously spent in a court-ordered residential alcohol treatment program. However, Valencia argued that he should receive an additional "good time" credit of 146 days (*i.e.*, one-third of 437)—an amount equal to the good time credit to which he would have been entitled had he spent the 437 days in prison instead of in the treatment program.[2] The superior court refused to give Valencia this additional credit against his sentence, and Valencia now appeals the superior court's decision.

*Nygren* holds that defendants should receive credit against their sentence for the time spent in a court-ordered residential treatment program, if the program is so restrictive of the defendants' liberty as to be functionally equivalent to custody.[3] The *Nygren* decision is silent on the question of whether defendants should also receive a supplemental "good time" credit if they obey the rules of the treatment program. But we have since answered this question in the

---

1. 658 P.2d 141 (Alaska App.1983).

2. *See* AS 33.20.010(a) (stating (with three exceptions not pertinent here) that "a prisoner ... sentenced to a term of imprisonment that exceeds three days is entitled to a deduction of one-third of the term of imprisonment[,] rounded off to the nearest day[,] if the prisoner follows the rules of the correctional facility in which the prisoner is confined").

3. *Nygren,* 658 P.2d at 146.

negative. In *Parker v. State*,[4] we stated that a defendant residing in a court-ordered treatment program "[would] not be eligible for ... early release for accumulated good-time credit."[5] Recently, in *State v. Judson*,[6] we addressed this issue again. We noted that defendants who substitute time spent in residential treatment programs for normal jail time "[will] in some cases ... [spend] a longer period [in] custody, because jail inmates get good time credit."[7]

Valencia does not expressly ask us to reconsider our decisions in *Parker* and *Judson*. (Indeed, Valencia does not mention these decisions in his brief.) However, we are convinced that the rule stated in *Parker* and *Judson* is supported by substantial reasons of policy.

By its terms, Alaska's good time credit statute, AS 33.20.010(a), applies only to prisoners who are serving sentences in correctional facilities. The statute awards good time credit to a prisoner who "follows the rules of the correctional facility in which the prisoner is confined." Moreover, the policy behind the award of good time credit applies uniquely to a prison situation.

As we recognized in *Briggs v. Donnelly*,[8] the legislative purpose of this statute is "to reward prisoners for good behavior during their terms of imprisonment ... [and to] give [correctional officials] a means of enforcing discipline within correctional facilities."[9] The idea is to give prisoners an incentive to remain on good behavior—because prisoners know that their stay in prison will be extended if they lose their good time credit through misbehavior.

On the other hand, defendants who are serving their sentences in court-ordered residential treatment programs already have a different incentive for good behavior. If they violate the rules of the treatment program, they can be expelled from the program, and expulsion from the program means that they will have to serve the remainder of their sentence in prison.

For these reasons, we conclude that the Alaska Legislature validly restricted good time credit to prisoners who are serving their sentences in prison. We therefore affirm what we said in *Parker* and *Judson*: defendants who are serving their sentences in court-ordered residential treatment programs do not receive good time credit.

*Conclusion*

The judgment of the superior court is AFFIRMED.

---

4. 714 P.2d 802 (Alaska App.1986).

5. *Id.* at 806.

6. 45 P.3d 329 (Alaska App.2002).

7. *Id.* at 333.

8. 828 P.2d 1207 (Alaska App.1992).

9. *Id.* at 1209.