NOT DESIGNATED FOR PUBLICATION

No. 113,868

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

UNDRA LEE,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; JAMES R. FLEETWOOD, judge. Opinion filed December 16, 2016. Affirmed.

*Undra Lee*, pro se appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before SCHROEDER, P.J., BUSER, J., and WALKER, S.J.

*Per Curiam*: The district court summarily dismissed Undra Lee's K.S.A. 60-1507 motion as both successive and untimely. Our review of the record reflects Lee failed to properly brief his issues on appeal before this court and we must presume the district court properly denied his 60-1507 motion. Further, Lee failed to brief the issue of whether this 60-1507 motion was successive, which also supports our decision to affirm the district court. Lee claims the 1-year time limit pursuant to K.S.A. 60-1507(f) improperly suspends his right to file a habeas corpus writ. Lee raises this issue for the first time on appeal but fails to explain why it should be heard. Finally, we note Lee's

1

"Memorandum in Support of Brief of Appellant" is improperly attached as an appendix to his brief. Affirmed.

FACTS

In 1995, Lee was convicted of first-degree murder, aggravated kidnapping, aggravated assault, and kidnapping. He was sentenced to lifetime imprisonment. His convictions and sentence were upheld on direct appeal by our Supreme Court in *State v. Lee*, 263 Kan. 97, 948 P.2d 641 (1997), *disapproved of on other grounds by State v. Gumby*, 282 Kan. 39, 56, 144 P.3d 647 (2006).

In 2008, Lee filed a K.S.A. 60-1507 motion claiming trial counsel was ineffective. The district court dismissed his motion as untimely and this court affirmed the district court on appeal. See *Lee v. State*, No. 101,277, 2010 WL 198503, at *1 (Kan. App. 2010) (unpublished opinion). In 2014, Lee filed a second K.S.A. 60-1507 motion, the subject of this appeal, asserting multiple trial errors including challenges to jury instructions and a claim of prosecutorial misconduct. The district court summarily denied his motion as both untimely and successive. The district court also found Lee failed to show manifest injustice, failed to present claims for which relief could be granted, and made allegations in his motion that were conclusory in nature.

Lee timely appealed.

ANALYSIS

*The district court properly denied Lee's K.S.A. 60-1507 motion.*

When the district court summarily denies a K.S.A. 60-1507 motion, an appellate court conducts a de novo review to determine whether the motion, files, and records of

2

the case conclusively establish that the movant is not entitled to relief. *Sola-Morales v. State*, 300 Kan. 875, 881, 335 P.3d 1162 (2014).

To be entitled to relief under K.S.A. 60-1507, the movant must establish by a preponderance of the evidence "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or is otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." K.S.A. 60-1507(b); see Supreme Court Rule 183(g) (2015 Kan. Ct. R. Annot. 271).

To avoid the summary denial of a motion brought under K.S.A. 60-1507, a movant bears the burden of establishing entitlement to an evidentiary hearing. To meet this burden, a movant's contentions must be more than conclusory, and either the movant must set forth an evidentiary basis to support those contentions or the basis must be evident from the record. If such a showing is made, the court is required to hold a hearing unless the motion is a second or successive motion seeking similar relief. *Sola-Morales*, 300 Kan. at 881. "[U]nder K.S.A. 60-1507(c), a court is not required to entertain successive motions on behalf of the same prisoner." *State v. Trotter*, 296 Kan. 898, 904, 295 P.3d 1039 (2013) (citing *State v. Mitchell*, 284 Kan. 374, 379, 162 P.3d 18 [2007]). "A movant in a K.S.A. 60-1507 motion is presumed to have listed all grounds for relief, and a subsequent motion need not be considered in the absence of a showing of circumstances justifying the original failure to list a ground." *Trotter*, 296 Kan. 898, Syl. ¶ 2.

*Lee failed to properly brief the issues he raises on appeal.*

There are a number of issues with Lee's brief that either hinder or prevent this court from reviewing the claims he raises on appeal. First and foremost, Lee has failed to cite to the record on appeal to support his claims of error.

"""It is well-settled that the burden is on a party to designate a record sufficient to present its points to the appellate court and to establish its claims." [Citation omitted.]' *Southwestern Bell Tel. Co. v. Beachner Constr. Co.*, 289 Kan. 1262, 1275, 221 P.3d 588 (2009). When facts are necessary to an argument, the record must supply those facts and a party relying on those facts must provide an appellate court with a specific citation to the point in the record where the fact can be verified. See Supreme Court Rule 6.02(a)(4) (2012 Kan. Ct. R. Annot. 39) (appellant's brief must include concise statement of facts material to disposition of appeal and 'facts included in the statement must be keyed to the record on appeal by volume and page number;' the appellant court 'may presume that a factual statement made without a reference to volume and page number has no support')." *Friedman v. Kansas State Bd. of Healing Arts*, 296 Kan. 636, 644, 294 P.3d 287 (2013).

Because Lee has failed to support his claims of error with citations to the record on appeal this court will presume the district court properly denied his motion. *State v. Sisson*, 302 Kan. 123, 128, 351 P.3d 1235 (2015); *Friedman*, 296 Kan. at 644.

*Lee failed to address the district court's finding his 60-1507 motion was successive.*

The district court summarily denied Lee's 60-1507 motion on the basis his petition was successive as well as untimely. In his brief, Lee only argues the district court erred in finding his motion was untimely. "A movant in a K.S.A. 60-1507 motion is presumed to have listed all grounds for relief, and a subsequent motion need not be considered in the absence of a showing of circumstances justifying the original failure to list a ground." *Trotter*, 296 Kan. 898, Syl. ¶ 2. Lee has not explained what circumstances, if any, justify his failure to assert his claims in his first 60-1507 motion. An issue not briefed by the appellant is deemed waived and abandoned. *State v. Williams*, 303 Kan. 750, 758, 368 P.3d 1065 (2016). Further, when a district court provides alternative bases to support its ultimate ruling on an issue and an appellant fails to challenge the validity of each alternative basis on appeal, an appellate court may decline to address the appellant's challenge to the district court's ruling. *State v. Novotny*, 297 Kan. 1174, 1180, 307 P.3d

4

1278 (2013). Here, Lee has entirely failed to address the issue of whether his motion was successive. Therefore, we decline to address whether the district court erred in finding Lee's motion was untimely.

*Lee's brief and attached memorandum raise issues without merit.*

Lee argues the statutory 1-year time limit following the conclusion of a direct appeal for filing a motion pursuant K.S.A. 60-1507 violates the Suspension Clause of the Kansas Constitution (Kansas Constitution Bill of Rights, § 8 ["The right to the writ of habeas corpus shall not be suspended, unless the public safety requires it in case of invasion or rebellion."]). Lee's argument conflates a jurisdictional time limit for filing a claim with the outright suspension of the right to petition a court for writ of habeas corpus. Although he cites to some authority, he provides little more than a historical overview of the jurisprudential views underlying habeas corpus proceedings. At no point does he cite to any pertinent authority suggesting K.S.A. 60-1507(f) violates the Suspension Clause of the Kansas Constitution. While Lee argues the reasoning behind K.S.A. 60-1507(f) is unsound, he fails to demonstrate it is unconstitutional. He also incidentally asserts K.S.A. 60-1507(f) violates the United States Constitution but fails to argue or explain the point. A point incidentally raised in a brief but not argued therein is deemed abandoned. *Friedman*, 296 Kan. at 645.

Moreover, Lee did not raise this issue before the district court. Issues not raised before the trial court cannot be raised on appeal. See *State v. Cheffen*, 297 Kan. 689, 698, 303 P.3d 1261 (2013). Constitutional grounds for reversal asserted for the first time on appeal are not properly before the appellate court for review. *State v. Godfrey*, 301 Kan. 1041, 1043, 350 P.3d 1068 (2015). Supreme Court Rule 6.02(a)(5) (2015 Kan. Ct. R. Annot. 41) requires an appellant to explain why an issue that was not raised below should be considered for the first time on appeal. This rule is to be strictly enforced. *Godfrey*, 301 Kan. at 1044. Parties who fail to comply with this rule risk a ruling that the issue is

improperly briefed and will be deemed waived and abandoned. *State v. Williams*, 298 Kan. 1075, 1085, 319 P.3d 528 (2014). Lee has not explained why this issue was not raised below or why it should now be considered for the first time on appeal. The issue is deemed waived and abandoned.

Lee also claims the district court erred in failing to find his motion should be considered to prevent manifest injustice. In his brief, Lee asserts: "In the instant matter, the Appellant has raised nineteen issues that can broadly be categorized into the following arguments: (1) jurisdictional error; (2) jury instruction error; (3) double jeopardy error; (4) sentencing error; and (5) prosecutorial misconduct." He does not discuss these issues in the body of his brief; rather, he addresses them in an attached 77-page exhibit entitled "Memorandum in Support of Brief of Appellant." Lee's attached memorandum violates Kansas Supreme Court Rule 6.02(b) (2015 Kan. Ct. R. Annot. 41), as "an appellant's brief may contain an appendix—without comment—consisting of limited extracts from the record on appeal." Lee's memorandum is not an extract from the record on appeal and it contains comment and argument. It is not a proper appendix. See *Thompson v. KFB Ins. Co.*, 252 Kan. 1010, 1015-16, 850 P.3d 773 (1993) (noting appendix is limited to extracts from record on appeal).

Notwithstanding these issues, Lee fails to cite to the record on appeal to support any claim of error. Accordingly, this court presumes the district court decided the issue correctly. *Sisson*, 302 Kan. at 128; *Friedman*, 296 Kan. at 644. Further, without going into more detail, many of Lee's arguments are issues that should have been raised on direct appeal. Criminal defendants may not use a 60-1507 motion to raise arguments that could have been but were not raised on direct appeal. Supreme Court Rule 183(c)(3) (2015 Kan. Ct. R. Annot. 271). The district court correctly denied Lee's 60-1507 motion.

Affirmed.